IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.

RANDEE HEBERT,

          Plaintiff,

     vs.

REVISION REAL ESTATE, LLC
and SUITES IQ LLC
d/b/a HOLIDAY CHALET
a/k/a THE HOLIDAY CHALET, and
KHALIL NASSER and ANTOINE ATTIER
individually,

          Defendants.

---

### COMPLAINT FOR MISCLASSIFICATION AND UNPAID WAGES

---

Plaintiff Randee Hebert ("Hebert" or "Plaintiff"), by and through her attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, files this Complaint for Unpaid Overtime, unpaid wages and misclassification against Defendants Revision Real Estate, LLC ("Revision"), Suites IQ LLC d/b/a Holiday Chalet a/k/a The Holiday Chalet ("Holiday Chalet"), Khalil Nasser ("K. Nasser") and Antoine Attier ("Attier"), individually, (collectively "Defendants"), alleging the following:

### I. **PRELIMINARY STATEMENT**

1. Defendants failed to comply with applicable Federal and Colorado wage and hour laws by treating Plaintiff as an independent contractor and failing to properly compensate her for all hours worked.

2. Specifically, after initially employing Plaintiff as a W-2 employee, Defendants reclassified Plaintiff as an independent contractor while continuing to exercise substantial control over her work, duties, and schedule.

3. As a result of this misclassification, Defendants failed to pay Plaintiff overtime compensation at one-and-one-half times her regular rate of pay for hours worked in excess of 40 hours in a workweek.

4. Defendants also failed to provide Plaintiff with required uninterrupted meal periods and paid rest breaks as mandated by the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 C.C.R. 1103-1.

5. Defendants' actions violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., which requires employers to pay employees overtime compensation for all hours worked over 40 in a workweek.

6. Defendants' conduct also violated the Colorado Wage Act, C.R.S. § 8-4-101 et seq., and the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 C.C.R. 1103-1, which require employers to pay overtime wages at one-and-one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek and 12 hours in a workday.

7. Defendants' conduct violated the Colorado Overtime and Minimum Pay Standards Order (COMPS), 7 CCR 1103-1, by failing to compensate Plaintiff for on-call time during which Plaintiff was sufficiently restricted and under Defendants' control such that the time constituted compensable "hours worked.

8. Defendants further failed to provide Plaintiff with accurate, itemized wage statements reflecting her hours worked and wages earned, in violation of C.R.S. § 8-4-103(4).

2

9. Defendants have failed and refused to pay Plaintiff all wages owed, including overtime compensation, as required by federal and Colorado law.

10. Plaintiff seeks unpaid wages, overtime premiums, liquidated damages, statutory penalties, pre-and post-judgment interest, and attorneys' fees and costs resulting from Defendants' violations of state and federal wage laws.

## II. JURISDICTION AND VENUE

11. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 201 *et seq.* because this civil action arises under the laws of the United States.

13. Defendants employed Plaintiff in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

14. Defendants operated a unified "enterprise" for a common business purpose as defined by 29 U.S.C. § 203(r)(1).

15. Defendants operated an enterprise whose aggregated, annual gross volume of sales made, or business done, was not less than $500,000.00.  29 U.S.C. § 203(s)(1)(A)(ii).

16. This Court has supplemental jurisdiction over Plaintiff's Colorado law claims pursuant to 28 U.S.C. § 1367.

17. Venue is proper in this district under 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's claims occurred within the jurisdiction of the United States District Court for the District of Colorado.

## III. PARTIES

18. Plaintiff Hebert is a resident of the State of Colorado.

19.    Plaintiff was employed by Defendants as a housekeeper and "hotel manager."

20.    Defendant Suites IQ LLC is a limited liability company that employed Plaintiff and paid her wages during the initial period of her employment, including issuing her W-2.

21.    Defendant Revision Real Estate LLC is a limited liability company that employed Plaintiff and paid her wages during the later period of her employment, including issuing her IRS Form 1099.

22.    Defendant Suites IQ LLC operated the hotel under the trade name "Holiday Chalet," located in 1820 E Colfax Ave, Denver, Colorado 80218 where Plaintiff performed work.

23.    Defendants Suites IQ LLC and Revision Real Estate LLC jointly exercised control over the terms and conditions of Plaintiff's employment at the hotel and related rental properties and jointly employed Plaintiff.

24.    Defendant Khalil Nasser is an individual who owns, manages, and/or operates Defendants' business operations, including the hotel and related rental properties and Plaintiff's employment.

25.    Defendant Khalil Nasser exercised operational control over Plaintiff's employment.

26.    Defendant Antoine Attier is an individual who hired Plaintiff and exercised direct supervision and control over Plaintiff's work, including assigning duties, directing her daily activities, and determining her schedule.

27.    Defendant Antoine Attier had and exercised the authority to hire and fire employees and to control the terms and conditions of Plaintiff's employment.

28. At all relevant times, Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and jointly employed Plaintiff.

## IV. GENERAL ALLEGATIONS

**Plaintiff's Employment With Defendants**

29. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

30. On or about October 1, 2021, Plaintiff commenced employment with Defendants.

31. Plaintiff was hired by Defendant Attier.

32. Plaintiff received instructions and guidelines regarding her work from both Defendant Attier and Defendant Nasser.

33. Plaintiff was initially employed by Defendants as a housekeeper and performed laundry services for the hotel.

34. Initially, Plaintiff worked between 30 to 40 hours per week.

35. Plaintiff's regular schedule during this period was approximately 10:00 a.m. to 3:00 or 4:00 p.m.

36. Plaintiff was paid $19 per hour via direct deposit.

37. During this period, Plaintiff was treated as an employee and was issued a W-2 by Defendant Suites IQ LLC.

38. On or about April 1, 2022, Defendants informed Plaintiff that she was being promoted to "hotel manager."

39. At that time, Defendants reclassified Plaintiff as an independent contractor.

40. Following this reclassification, Plaintiff was issued IRS Form 1099 by Defendant Revision Real Estate LLC.

5

41.    Despite the change in title, Plaintiff continued to perform housekeeping and laundry duties.

42.    In addition to her prior duties, Plaintiff's responsibilities included managing guest check-ins and check-outs, handling reservations and bookings, processing customer payments, addressing guest complaints, and assisting with the general day-to-day operation of the hotel.

43.    Plaintiff did not have authority to hire or fire employees, discipline employees, or make independent personnel decisions.

44.    Plaintiff was also required to carry and manage a business cellular phone provided by Defendants.

45.    Plaintiff was instructed that she was required to always answer the phone, including outside of her scheduled working hours.

46.    The hotel operated without any overnight staff, front desk personnel, or doorman, and functioned primarily as a self-check-in and check-out property.

47.    As a result, Plaintiff was the sole point of contact for guests and operational issues during evening and overnight hours.

48.    Defendants provided guests with the business phone number assigned to Plaintiff and instructed guests to call that number for any needs or issues.

49.    This led to Plaintiff frequently have going to go to the hotel or other properties owned by Defendants.

50.    Calls to this phone included not only hotel-related matters but also matters relating to Airbnb properties and other rental properties associated with Defendants.

51.    Plaintiff regularly received calls outside of her scheduled working hours was expected to respond to such calls regardless of the time of day.

52. These calls frequently required Plaintiff to address operational issues, including but not limited to guest complaints, maintenance issues, requests for supplies, and problems at the hotel and at other rental properties.

53. Plaintiff lived approximately five miles from the hotel and the Airbnb properties associated with Defendants.

54. After April 1, 2022, Plaintiff's official work schedule (not inclusive of being on call) increased to approximately 10:00 a.m. to 7:00 p.m.

55. As a result of these requirements, Plaintiff officially was assigned to work more than 40 hours per week.

56. Plaintiff regularly worked between 60 and 90 hours per week.

57. Plaintiff worked seven days per week.

58. Plaintiff was not provided with uninterrupted meal periods or rest breaks.

59. Instead, Plaintiff had to eat while working and remain available to perform work duties during any such time.

60. Plaintiff was required to keep track and submit her hours to Defendants for approval, either by email or in person.

61. During this period, Plaintiff was paid $22 per hour.

62. Defendants compensated Plaintiff at her regular hourly rate of $22 for hours worked in excess of 40 in a workweek, rather than at one-and-one-half times her regular rate of pay.

63. In addition, Defendants failed to compensate Plaintiff for time spent responding to work-related calls and issues during evening and overnight hours, including time during which Plaintiff was required to remain on call and respond to emergencies.

64. As a result, Plaintiff regularly performed uncompensated work outside of her scheduled hours and was not free to use such time for her own purposes.

65. In or about November 2024, Defendants informed Plaintiff and other employees that the hotel would temporarily close for maintenance.

66. Shortly thereafter, Defendants instructed Plaintiff and her coworkers to seek other employment.

67. Defendants terminated Plaintiff's employment without paying all wages owed, including overtime compensation.

68. By failing to provide Plaintiff with an itemized statement showing the hours worked, Defendants are in violation of the record-keeping requirements of the Colorado Wage Act and the COMPS Order.

69. By failing to track or preserve Plaintiff's work hours, Defendants have violated their mandatory record-keeping obligations under the Colorado Wage Act, C.R.S. § 8-4-103, and the COMPS Order.

**FIRST CLAIM FOR RELIEF**
**Failure to Pay Overtime Premiums**
**Violation of the FLSA (29 U.S.C. § 201 et seq.)**

70. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71. Plaintiff was an "employee" as that term is defined by the FLSA 29 U.S.C. § 203(e).

72. Defendants "employed" Plaintiff as that term is defined by the FLSA 29 U.S.C. § 203(g).

73. Defendants were Plaintiff's "employer" as that term is defined by the FLSA 29 U.S.C. § 203(d).

8

74.     At all relevant times, Defendants jointly exercised control over Plaintiff's employment and acted in the interest of one another.

75.     Plaintiff was an employee under the FLSA, notwithstanding Defendants' classification of her as an independent contractor.

76.     Plaintiff regularly worked in excess of 40 hours per workweek.

77.     Defendants failed to pay Plaintiff overtime compensation at a rate of one-and-one-half times her regular rate of pay for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207.

78.     Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

79.     As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer lost wages and lost use of those wages in an amount to be determined at trial.

80.     Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM**
**Failure to Pay Overtime Wages**
**Violation of the Colorado Wage Act and COMPS Order**
**(C.R.S. § 8-4-101 et seq.; 7 C.C.R. 1103-1)**

81.     Plaintiff repeats and realleges each of the allegations contained above as if fully set forth herein.

82.     Defendants were Plaintiff's "employers" as that term is defined by the COMPS Order because they employed Plaintiff and others in Colorado. 7 C.C.R. 1103-1.

83.     Plaintiff was an "employee" as that term is defined by the COMPS Order because she performed labor for the benefit of Defendants and Defendants commanded when, where, and how much labor or services will be performed.  7 C.C.R. 1103-1(2).

84.    During Plaintiff's employment, she was 'on call' and had to respond to work related emergencies.  Plaintiff could not leave the general area of where the employment related emergencies occurred.

85.    Plaintiff, though, was not compensated for this labor.

86.    Plaintiff worked in excess of 40 hours in a workweek and, at times, in excess of 12 hours in a workday.

87.    Defendants failed to pay Plaintiff overtime wages as required by Colorado law, including:

a)  One and one-half times her regular rate of pay for hours worked in excess of 40 in a workweek; and

b)  One and one-half times her regular rate of pay for hours worked in excess of 12 in a workday.

88.    Defendants failed to maintain accurate records of Plaintiff's hours worked as required by Colorado law.

89.    As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer lost wages and other damages in an amount to be determined at trial.

90.    Plaintiff is entitled to recover unpaid wages, liquidated damages, statutory penalties, interest, attorneys' fees, and costs pursuant to the Colorado Wage Act, including C.R.S. § 8-4-109 and the COMPS Order.

### THIRD CLAIM
### Failure to Provide Meal and Rest Periods
### Violation of COMPS Order (7 C.C.R. 1103-1)

91.    Plaintiff repeats and realleges all preceding allegations as though fully set forth herein.

10

92.     The COMPS Order required employers to provide an uninterrupted 30-minute meal period when the work shift exceeded five consecutive hours, and a paid ten-minute rest period for each four-hour work period, or major fraction thereof.

93.     Defendants failed to provide Plaintiff with uninterrupted meal periods.

94.     Plaintiff was required to remain on duty during any purported meal periods and was required to continue performing work, including responding to calls and operational issues.

95.     Defendants failed to provide Plaintiff with required rest periods.

96.     Defendants failed to compensate Plaintiff for time that should have been compensated due to missed or non-compliant meal and rest periods.

97.     Plaintiff has suffered and continues to suffer lost wages and lost use of those wages in an amount to be determined at trial.

98.     Plaintiff is entitled to recover all remedies available under Colorado law, including additional wages, penalties, interest, attorneys' fees, and costs.

**FOURTH CLAIM**
**Misclassification of Employee as Independent Contractor**
**Violation of the Colorado Wage Act and COMPS Order**
**(C.R.S. § 8-4-101 et seq.; 7 C.C.R. 1103-1)**

99.     Plaintiff repeats and realleges each of the allegations contained above as if fully set forth herein.

100.    Defendants classified Plaintiff as an independent contractor beginning on or about April 1, 2022.

101.    In reality, Plaintiff was an employee under Colorado law.

102.    Plaintiff performed work that was integral to Defendants' business operations, including housekeeping, guest services, and the day-to-day operation of the hotel and related rental properties.

103.    Defendants exercised substantial control over Plaintiff's work, including her schedule, duties, and method of performing her work.

104.    Plaintiff did not have authority to hire or fire employees and did not exercise independent managerial discretion.

105.    Plaintiff did not operate an independent business and was economically dependent on Defendants.

106.    Plaintiff did not have a meaningful opportunity for profit or loss independent of Defendants.

107.    Defendants' classification of Plaintiff as an independent contractor was improper and resulted in failure to comply with wage and hour obligations.

108.    As a direct result of Defendants' misclassification of Plaintiff, Defendants failed to pay overtime wages and failed to comply with recordkeeping and wage statement requirements.

109.    As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to unpaid wages and other compensation.

110.    Plaintiff is entitled to all remedies available under Colorado law, including unpaid wages, statutory penalties, interest, attorneys' fees, and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and award the following relief:

As to **First Claim for Relief** brought under the FLSA and described above, Plaintiff respectfully requests an Order from the Court that:

a.    Plaintiff be awarded unpaid overtime premiums due under the FLSA;

b. Plaintiff be awarded liquidated damages as required by law;

c. Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law;

d. Plaintiff be awarded costs and attorney fees pursuant to 29 U.S.C. § 216(b); and

e. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

As to Plaintiff's **Second Claim** brought under the Colorado Wage Act and the COMPS Order, Plaintiff respectfully requests an Order from the Court that:

a. Plaintiff be awarded the unpaid balance of the full amount of overtime wages due, together with the costs of this suit, pursuant to C.R.S. § 8-4-109 and 7 C.C.R. 1103-1;

b. Plaintiff be awarded liquidated damages and any statutory penalties as provided by Colorado law;

c. Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law;

d. Plaintiff be awarded reasonable attorney's fees and costs pursuant to the Colorado Wage Act and the COMPS Order; and

e. Plaintiff be awarded such other and further relief as may be just and proper.

As to Plaintiff's **Third Claim** brought under the COMPS Order and described above, Plaintiff respectfully requests an Order from the Court that:

a. Plaintiff be awarded all additional pay owed for Defendants' failure to provide required rest periods pursuant to 7 C.C.R. 1103-1;

b. Plaintiff be awarded any statutory penalties available under the COMPS Order and Colorado law;

c. Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law;

d. Plaintiff be awarded reasonable attorney's fees and costs pursuant to the Colorado Wage Act, including C.R.S. § 8-4-109 and the COMPS Order; and

e. Plaintiff be awarded such other and further relief as may be just and proper.

As to Plaintiff's **Fourth Claim** brought under Colorado law for misclassification and described above, Plaintiff respectfully requests an Order from the Court that:

a. Plaintiff be awarded all wages and compensation improperly denied as a result of Defendants' misclassification of Plaintiff;

b. Plaintiff be awarded statutory penalties and any liquidated damages available under Colorado law;

c. Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law;

d. Plaintiff be awarded reasonable attorney's fees and costs; and

e. Plaintiff be awarded such other and further relief as may be just and proper.

Dated:  May 7, 2026
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By:    */s/ Jacob Aronauer*
Jacob Aronauer
250 Broadway, Suite 600
New York, New York 10007

*Attorney for Plaintiff*

14