**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-01985-TPO

RANDEE HEBERT,

Plaintiff,

v.

REVISION REAL ESTATE, LLC,
and SUITES IQ LLC, d/b/a HOLIDAY
CHALET A/K/A THE CHALET, and
KHALIL NASSER and ANTOINE ATTIER,
Individually.

Defendants.

---

# DEFENDANT REVISION REAL ESTATE, LLC AND SUITES IQ, LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR MISCLASSIFICATON AND UNPAID WAGES AND SUITES IQ LLC'S COUNTERCLAIMS

---

Defendants Revision Real Estate, LLC ("Revision") and Suites IQ, LLC d/b/a Holiday Chalet a/k/a The Chalet ("Suites IQ") (collectively, "LLC Defendants") through counsel, Gordon Rees Scully Mansukhani, LLP, respectfully submit their Amended Answer to Plaintiff's Complaint for Misclassification and Unpaid Wages and Suites IQ, LLC's Counterclaims, as follows:

## I. RESPONSE TO PRELIMINARY STATEMENT

1. LLC Defendants deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. LLC Defendants deny the allegations contained in paragraph 2 of

Plaintiff's Complaint.

3. LLC Defendants deny the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. LLC Defendants deny the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. LLC Defendants deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. LLC Defendants deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. LLC Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. LLC Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. LLC Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. LLC Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

## II. RESPONSE TO JURISDICTION AND VENUE

11. LLC Defendants incorporate by reference their responses to paragraphs 1 through 10 of the Complaint as if set forth fully herein.

12. Paragraph 12 contains a statement of law for which no response is required. To the extent that a response is required, LLC Defendants admit only that this

Court has jurisdiction over this matter.

13. LLC Defendants deny the allegations contained in paragraph 13 of Plaintiff’s Complaint.

14. LLC Defendants deny the allegations contained in paragraph 14 of Plaintiff’s Complaint.

15. LLC Defendants are without sufficient information and knowledge to form a belief as to the truth and veracity of allegations contained in paragraph 15 of the Complaint and therefore deny the allegations.

16. Paragraph 16 contains a statement of law for which no response is required. To the extent that a response is required, LLC Defendants admit only that this Court has jurisdiction over this matter.

17. Paragraph 17 contains a statement of law for which no response is required. To the extent that a response is required, LLC Defendants admit only that venue is proper.

**III. RESPONSE TO PARTIES**

18. LLC Defendants are without sufficient information and knowledge to form a belief as to the truth and veracity of allegations contained in paragraph 18 of the Complaint and therefore deny the allegations.

19. LLC Defendants deny the allegations contained in paragraph 19 of Plaintiff’s Complaint.

20. LLC Defendants admit the allegations contained in paragraph 20 of Plaintiff’s Complaint.

21. LLC Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. LLC Defendants admit the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. LLC Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. LLC Defendants admit only that Khalil Nasser is a member of Revision and Suites IQ. LLC Defendants deny the remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

25. LLC Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. LLC Defendants admit only that Attier hired Plaintiff. LLC Defendants deny the remaining allegations contained in paragraph 26 of Plaintiff's Complaint.

27. LLC Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. LLC Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

## IV. RESPONSE TO GENERAL ALLEGATIONS

29. LLC Defendants incorporate by reference their responses to paragraphs 1 through 28 of the Complaint as if set forth fully herein.

30. LLC Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. LLC Defendants admit the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. LLC Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. LLC Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. LLC Defendants admit the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. LLC Defendants admit the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. LLC Defendants admit the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. LLC Defendants admit the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. LLC Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. LLC Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. LLC Defendants admit only that Revision issued Plaintiff an IRS 1099 form. LLC Defendants deny the remaining allegations contained in paragraph 40 of Plaintiff's Complaint.

41. LLC Defendants admit the allegations contained in paragraph 41 of

Plaintiff's Complaint.

42. LLC Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. LLC Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. LLC Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. LLC Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. LLC Defendants admit the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. LLC Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. LLC Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. LLC Defendants are without sufficient information and knowledge to form a belief as to the truth and veracity of allegations contained in paragraph 49 of the Complaint and therefore deny the allegations.

50. LLC Defendants are without sufficient information and knowledge to form a belief as to the truth and veracity of allegations contained in paragraph 50 of the Complaint and therefore deny the allegations.

51. LLC Defendants are without sufficient information and knowledge to form

a belief as to the truth and veracity of allegations contained in paragraph 51 of the Complaint and therefore deny the allegations.

52. LLC Defendants are without sufficient information and knowledge to form a belief as to the truth and veracity of allegations contained in paragraph 52 of the Complaint and therefore deny the allegations.

53. LLC Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. LLC Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

55. LLC Defendants deny the allegations contained in paragraph 55 of Plaintiff's Complaint.

56. LLC Defendants deny the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. LLC Defendants are without sufficient information and knowledge to form a belief as to the truth and veracity of allegations contained in paragraph 57 of the Complaint and therefore deny the allegations.

58. LLC Defendants deny the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. LLC Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

60. LLC Defendants admit only that Plaintiff was required to keep track of her hours and submit her hours to Revision. LLC Defendants deny the remaining

allegations contained in paragraph 60 of Plaintiff's Complaint.

61. LLC Defendants admit the allegations contained in paragraph 61 of Plaintiff's Complaint.

62. LLC Defendants deny the allegations contained in paragraph 62 of Plaintiff's Complaint.

63. LLC Defendants deny the allegations contained in paragraph 63 of Plaintiff's Complaint.

64. LLC Defendants deny the allegations contained in paragraph 64 of Plaintiff's Complaint.

65. LLC Defendants deny the allegations contained in paragraph 65 of Plaintiff's Complaint.

66. LLC Defendants deny the allegations contained in paragraph 66 of Plaintiff's Complaint.

67. LLC Defendants deny the allegations contained in paragraph 67 of Plaintiff's Complaint.

68. LLC Defendants deny the allegations contained in paragraph 68 of Plaintiff's Complaint.

69. LLC Defendants deny the allegations contained in paragraph 69 of Plaintiff's Complaint.

**RESPONSE TO FIRST CLAIM FOR RELIEF**
**Failure to Pay Overtime Premiums**

70. LLC Defendants incorporate by reference their responses to paragraphs 1 through 69 of the Complaint as if set forth fully herein.

71. LLC Defendants admit that from approximately September 2021 to March 2022, Plaintiff was an employee of Suites IQ. LLC Defendants deny the remaining allegations contained in paragraph 71 of Plaintiff's Complaint.

72. LLC Defendants deny the allegations contained in paragraph 72 of Plaintiff's Complaint.

73. LLC Defendants deny the allegations contained in paragraph 73 of Plaintiff's Complaint.

74. LLC Defendants deny the allegations contained in paragraph 74 of Plaintiff's Complaint.

75. LLC Defendants deny the allegations contained in paragraph 75 of Plaintiff's Complaint.

76. LLC Defendants are without sufficient information and knowledge to form a belief as to the truth and veracity of allegations contained in paragraph 76 of the Complaint and therefore deny the allegations.

77. LLC Defendants deny the allegations contained in paragraph 77 of Plaintiff's Complaint.

78. LLC Defendants deny the allegations contained in paragraph 78 of Plaintiff's Complaint.

79. LLC Defendants deny the allegations contained in paragraph 79 of Plaintiff's Complaint.

80. LLC Defendants deny the allegations contained in paragraph 80 of Plaintiff's Complaint.

**RESPONSE TO SECOND CLAIM FOR RELIEF**
**Failure to Pay Overtime Wages**

81. LLC Defendants incorporate by reference their responses to paragraphs 1 through 80 of the Complaint as if set forth fully herein.

82. LLC Defendants deny the allegations contained in paragraph 82 of Plaintiff's Complaint.

83. LLC Defendants deny the allegations contained in paragraph 83 of Plaintiff's Complaint.

84. LLC Defendants deny the allegations contained in paragraph 84 of Plaintiff's Complaint.

85. LLC Defendants deny the allegations contained in paragraph 85 of Plaintiff's Complaint.

86. LLC Defendants deny the allegations contained in paragraph 86 of Plaintiff's Complaint.

87. LLC Defendants deny the allegations contained in paragraph 87 of Plaintiff's Complaint.

88. LLC Defendants deny the allegations contained in paragraph 88 of Plaintiff's Complaint.

89. LLC Defendants deny the allegations contained in paragraph 89 of Plaintiff's Complaint.

90. LLC Defendants deny the allegations contained in paragraph 90 of Plaintiff's Complaint.

**RESPONSE TO THIRD CLAIM FOR RELIEF**

**Failure to Provide Meals and Rest Periods**

91. LLC Defendants incorporate by reference their responses to paragraphs 1 through 90 of the Complaint as if set forth fully herein.

92. Paragraph 92 of Plaintiff's Complaint contains a statement of law for which no response is required.

93. LLC Defendants deny the allegations contained in paragraph 93 of Plaintiff's Complaint.

94. LLC Defendants deny the allegations contained in paragraph 94 of Plaintiff's Complaint.

95. LLC Defendants deny the allegations contained in paragraph 95 of Plaintiff's Complaint.

96. LLC Defendants deny the allegations contained in paragraph 96 of Plaintiff's Complaint.

97. LLC Defendants deny the allegations contained in paragraph 97 of Plaintiff's Complaint.

98. LLC Defendants deny the allegations contained in paragraph 98 of Plaintiff's Complaint.

**RESPONSE TO FOURTH CLAIM FOR RELIEF**
**Misclassification of Employee as Independent Contractor**

99. LLC Defendants incorporate by reference their responses to paragraphs 1 through 98 of the Complaint as if set forth fully herein.

100. LLC Defendants admit the allegations contained in paragraph 100 of Plaintiff's Complaint.

101. LLC Defendants deny the allegations contained in paragraph 101 of Plaintiff’s Complaint.

102. LLC Defendants deny the allegations contained in paragraph 102 of Plaintiff’s Complaint.

103. LLC Defendants deny the allegations contained in paragraph 103 of Plaintiff’s Complaint.

104. LLC Defendants deny the allegations contained in paragraph 104 of Plaintiff’s Complaint.

105. LLC Defendants deny the allegations contained in paragraph 105 of Plaintiff’s Complaint.

106. LLC Defendants deny the allegations contained in paragraph 106 of Plaintiff’s Complaint.

107. LLC Defendants deny the allegations contained in paragraph 107 of Plaintiff’s Complaint.

108. LLC Defendants deny the allegations contained in paragraph 108 of Plaintiff’s Complaint.

109. LLC Defendants deny the allegations contained in paragraph 109 of Plaintiff’s Complaint.

110. LLC Defendants deny the allegations contained in paragraph 110 of Plaintiff’s Complaint.

111. LLC Defendants deny the allegations contained in the section of Plaintiff’s Complaint entitled “Prayer for Relief” and deny that she is entitled to the relief requested

therein.

## GENERAL DENIAL

LLC Defendants deny all allegations contained in the Complaint not specifically admitted herein. LLC Defendants deny that Plaintiff is entitled to the relief requested in the Complaint, including the relief identified in the "Wherefore" clause.

## JURY DEMAND

LLC Defendants demand a jury trial pursuant to Fed. R. Civ. P. 38.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted, in whole or in part.

2. Plaintiff's claims, or a portion thereof, may be barred by the applicable statute of limitations.

3. Plaintiff was an independent contractor.

4. To the extent any amounts are found due and owing to Plaintiff, if any, LLC Defendants are permitted to offset Plaintiff's claimed wages pursuant to C.R.S. § 8-4-105.

5. One or more time entry by Plaintiff was submitted fraudulently and contained hours that Plaintiff knew she did not actually work.

6. Plaintiff's claims for liquidated damages and/or statutory penalties are barred because LLC Defendants did not commit any malicious, willful, or wanton act or authority or ratify any such act toward Plaintiff. At all times, LLC Defendants acted in good faith.

7. Plaintiff has been paid for her hours worked.

8. Plaintiff may have waived her claims against LLC Defendants or may be barred by the doctrines of consent, laches, unclean hands, and/or estoppel.

9. Plaintiff failed to exhaust her administrative remedies prior to filing suit.

10. To the extent any amounts are found due and owing to Plaintiff, LLC Defendants are entitled to offset equal to the amounts they overpaid Plaintiff, if any.

11. LLC Defendants reserve the right to amend their Answer to assert additional defenses as grounds for such defenses are discovered during the course of litigation.

Wherefore, having answered the Complaint, LLC Defendants request that all claims be dismissed and that judgment enter in their favor for costs, expert witness fees, attorneys' fees, and such other relief as this Court deems appropriate.

**SUITES IQ, LLC'S COUNTERCLAIMS AGAINST PLAINTIFF RANDEE HEBERT**

1. Suites IQ, LLC incorporates by reference its responses contained in its above Amended Answer as if set forth fully herein.

2. This Court has supplemental jurisdiction over Suites IQ, LLC's counterclaims against Plaintiff Randee Hebert because these claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. On or around April 1, 2022., Plaintiff entered into an independent contractor agreement with Suites IQ, LLC.

4. Suites IQ, LLC d/b/a Holiday Chalet is listed as a 3-star hotel which

advertises itself as a self check-in property. As such, there is no front desk or concierge offered to guests.

5. As with any company in the hospitality industry, the amount of business at Suites IQ, LLC would wax and wane depending on the seasons and the days of the week.

6. Because of the variable level of business, the need for services at the hotel generally varied as well.

7. Plaintiff was to accurately report the time she provided services to Suite IQ, LLC.

8. During Plaintiff's contract period, Plaintiff was entrusted with entering her hours providing services to the hotel into timesheets that were submitted to Suites IQ, LLC on a bi-weekly basis. Plaintiff was then paid an hourly rate per the terms of her contract.

9. Plaintiff's timesheets frequently did not correlate with the amount of guests at the hotel or the needs of the hotel.

10. Upon information and belief, Plaintiff was overstating the number of hours she provided services to Suites IQ, LLC so that she would get paid more.

11. Moreover, while Plaintiff was providing services as a contractor for Suites IQ, LLC, Plaintiff engaged in the use, possession, and/or sale of illegal drugs.

12. Plaintiff's conduct resulted in police executing a search warrant on a property owned by the Khalil H. Nasser Trust.

13. In order to investigate these activities, Suites IQ was forced to temporarily

shut down business operations, causing losses of revenue and lost profits.

14. Following these investigations, Suites IQ learned that Plaintiff was using certain hotel property to facilitate her illegal drug transactions, including using a hotel phone to communicate with buyers and using certain storage owned by Suites IQ to store illegal drugs, all without the permission or knowledge of Suites IQ.

15. Suites IQ also learned of incidents in which guests described Plaintiff showing up to their properties while intoxicated, thereby harming the reputation of the hotel.

16. Upon information and belief, Plaintiff allowed individuals to stay at the hotel without paying Suites IQ, without Suites IQ's permission, and without registering them as hotel guests, including one individual who was described by guests as a "long-term tenant" who reportedly smoked in the hotel, disrupted the hotel with noise at night, and was suspected of being on drugs.

17. Per the policy applicable to all guests and workers at the hotel, smoking is not allowed at the hotel.

18. During Plaintiff's contract period, a number of decorations and furniture from Holiday Chalet went missing and never turned up again.

19. Upon information and belief, Plaintiff removed these items from the property with the intent to permanently deprive Suites IQ of its personal property.

**FIRST COUNTERCLAIM**
***Breach of Contract***

20. On April 1, 2022, Plaintiff and Suites IQ entered into a valid and enforceable independent contractor contract.

21. Suites IQ performed all of its contractual obligations, including timely paying Plaintiff for her the services that she purportedly performed at the hotel.

22. Per the terms of the contract, Plaintiff was to be paid an hourly rate for the hours that she provided services to the hotel.

23. Plaintiff did not provide services for the full amount of hours for which she was paid, thereby breaching the terms of the contract.

24. Suites IQ is entitled to recover all damages it suffered as a result of Plaintiff's breach of contract, including but not limited to the amounts it overpaid Plaintiff.

**SECOND COUNTERCLAIM**
***Breach of Contract – Implied Duty of Good Faith and Fair Dealing***

25. Plaintiff and Suites IQ entered into a valid and enforceable independent contractor contract that included an implied duty of good faith and fair dealing.

26. While performing services for Suites IQ as an independent contractor, Plaintiff willfully misrepresented the hours that she provided services to the hotel on her timesheets with Suites IQ.

27. Upon information and belief, Plaintiff permitted individuals to stay at the hotel without registering them as guests, paying for the reservation, or obtaining permission from Suites IQ.

28. Plaintiff permitted individuals, including the so-called "long-term tenant," to violate hotel policy and criminal laws by smoking and using illegal drugs at the hotel property.

29. Plaintiff provided services at the hotel while under the influence of alcohol, drugs, or both.

30. Plaintiff participated in the use, possession, and/or sale of illegal drugs while providing services to the hotel.

31. Plaintiff used the hotel phone to communicate with individuals involved in the purchase or sale of illegal drugs.

32. Plaintiff possessed or stored illegal drugs at the hotel.

33. Plaintiff removed furniture and décor from the premises for her own use or to sell for a profit.

34. Suites IQ did not consent to any of the above-described conduct by Plaintiff in paragraphs 26 through 33 of this Counterclaim.

35. Plaintiff's conduct breached the contract's implied covenant of good faith and fair dealing and was contrary to the agreed common purpose of the independent contractor agreement and the parties' reasonable expectations.

36. Suites IQ is entitled to recover the damages it incurred as a result of Plaintiff's bad-faith breach of contract, including but not limited to lost revenue and profit, reputational harm, the amounts Suites IQ overpaid Plaintiff, damage and/or diminished value to the hotel property, and the loss of personal property owned by the hotel.

**THIRD COUNTERCLAIM**
***Civil Theft***

37. During Plaintiff's contract period, she knowingly and without permission obtained personal property from the hotel, including furniture and decor, and removed it from the hotel premises with the intent to permanently deprive the hotel of this furniture and decor.

38. Plaintiff also knowingly, fraudulently, and deceptively submitted timesheets that reported more hours than the amount of services she had actually provided in a given pay-period, causing Suites IQ to overpay Plaintiff.

39. Plaintiff intended to permanently deprive Suites IQ of the amounts it overpaid for her purported services.

40. Plaintiff is therefore liable to Suites IQ for civil theft.

41. Pursuant to C.R.S. § 18-4-405, Suites IQ is entitled to three times the amount of the actual damages sustained by it, the costs of this action, and reasonable attorney fees.

**FOURTH COUNTERCLAIM**
***Civil Trespass***

42. At all times relevant, Suites IQ was the owner of the hotel premises located at 1820 E Colfax Ave, Denver, CO 80218.

43. Upon information and belief, Plaintiff knowingly and intentionally caused one or more individuals to enter and stay overnight at the hotel premises without the knowledge or consent of Suites IQ, without registering these individuals as guests, and without paying Suites IQ for their stay.

44. Plaintiff's conduct constitutes civil trespass.

45. Suites IQ is entitled to recover damages it incurred as a result of this civil trespass, including but not limited to consequential damages, actual damages, lost profit or revenue, unpaid lodging fees, and any damage to the property resulting from this trespass.

**FIFTH COUNTERCLAIM**

*Conversion*

46. Suites IQ provided Plaintiff access to the hotel's phone with the understanding that it was to be used for business purposes.

47. There was also an implicit understanding that Plaintiff would not use this phone for the criminal sale or purchase of illegal drugs.

48. Plaintiff used the hotel's phone to communicate with other individuals about the sale or purchase of illegal drugs.

49. This use of the phone was without Suites IQ's knowledge, consent, or authorization.

50. Plaintiff substantially and intentionally interfered with Suites IQ's ownership of the phone by exceeding the duration and extent of authorized use of the phone.

51. Plaintiff also intentionally and substantially interfered with Suites IQ's ownership of items of furniture and décor at the hotel by removing the furniture and decor from the hotel and failing to return it.

52. Plaintiff's conduct constitutes conversion.

53. Suites IQ is entitled to recover the fair market value of the furniture and decor, as well as all actual damages suffered from the Plaintiff's conversion of the hotel phone, including but not limited to the reputational harm to Suites IQ and the lost revenue and profits when the hotel was shut down to investigate Plaintiff's illicit activities.

**SIXTH COUNTERCLAIM**
***Negligence***

54. Plaintiff owed Suites IQ a duty to exercise reasonable care to not cause damage to Suites IQ's personal and real property.

55. Plaintiff breached this duty, including but not limited to the following conduct:

a. Allowing individuals to smoke and use illegal drugs on the hotel premises;

b. Possessing or storing illegal drugs on the hotel premises; and

c. Removing furniture and decor from the property.

56. As a result of Plaintiff's negligence, Suites IQ suffered actual damages, including the diminished value of the damaged hotel property. Suites IQ is entitled to recover its damages that resulted from her negligence.

**SEVENTH COUNTERCLAIM**
***False Representation***

57. Plaintiff made one or more false representation of fact to Suites IQ, which included submitting time sheets representing that Plaintiff spent more hours providing services at the hotel than she actually did.

58. The false representation was material because Suites IQ calculated the amounts it paid her based upon the hours Plaintiff purportedly provided services to the hotel.

59. Plaintiff knew the representations contained on her timesheets were false.

60. Plaintiff made the representations with the intent that Suites IQ would rely on the representation and pay her for the hours that she purportedly provided services.

61. Suites IQ paid Plaintiff for the time reported in Plaintiff's timesheets.

62. In paying the amounts reported on Plaintiff's timesheets, Suites IQ was relying on Plaintiff's representations.

63. Suites IQ was justified in relying on Plaintiff's timesheets to calculate the amount to pay Plaintiff.

64. Suites IQ's reliance on Plaintiff's false representations in her timesheets caused damages to Suites IQ, including the amounts Suites IQ paid Plaintiff even though she did not provide services to the hotel those hours.

65. Suites IQ is entitled to recover the actual damages it suffered as a result of Plaintiff's false misrepresentations, including but not limited to the amounts it overpaid Plaintiff for any services she did not actually perform.

WHEREFORE, Suites IQ, LLC respectfully requests that judgment be entered in its favor and against Plaintiff for the following:

a. Compensatory economic damages in amounts to be proved at trial;
b. Consequential damages in amounts to be proven at trial;
c. Statutory damages pursuant to C.R.S. § 18-4-405;
d. Reasonable attorneys' fees, costs, and expenses incurred herein; and
e. All pre- and post-judgment interest, as permitted by law.

**SUITES IQ, LLC DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted August 5, 2026,

*<u>/s/ Stephanie E. Boutsicaris</u>*
Andrew K. Lavin

Stephanie Boutsicaris
Gordon Rees Scully Mansukhani, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Phone: 303-200-6883
Email: alavin@grsm.com
Email: sboutsicaris@grsm.com
*ATTORNEYS FOR DEFENDANTS REVISION REAL ESTATE, LLC, and SUITES IQ LLC, d/b/a HOLIDAY CHALET A/K/A THE CHALET*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy was served on below counsel via electronic mail:

Jacob Aronauer
Law Offices of Jacob Aroneaur
250 Broadway, Suite 600
New York, New York 10007

Attorney for Plaintiff

*s/ Lisa Riggenbach*
For Gordon Rees Scully Mansukhani, LLP