**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**RANDEE HEBERT,**

Plaintiff,

v.

**REVISION REAL ESTATE, LLC; SUITES IQ LLC, d/b/a HOLIDAY CHALET a/k/a THE CHALET; KHALIL NASSER; and ANTOINE ATTIER, individually,**

Defendants.

**Civil Action No. 1:26-cv-01985-NYW-TPO**

**PLAINTIFF RANDEE HEBERT'S ANSWER TO SUITES IQ, LLC'S COUNTERCLAIMS**

Plaintiff Randee Hebert ("Plaintiff"), through undersigned counsel, submits this answer to the Counterclaims of Defendant Suites IQ, LLC ("Suites IQ") as follows. Any allegation not expressly admitted is denied.

## RESPONSES TO GENERAL ALLEGATIONS

**1.** Plaintiff admits that Suites IQ purports to incorporate its responses to Plaintiff's Complaint. Plaintiff denies any allegation inconsistent with the Complaint or this Answer to Defendants' counterclaims.

**2.** Plaintiff admits that the Court has supplemental jurisdiction over any counterclaim that forms part of the same Article III case or controversy as Plaintiff's claims. Plaintiff denies that all asserted counterclaims satisfy that standard and denies the remaining allegations and legal conclusions in paragraph 2.

**3.** Plaintiff admits that, on or about April 1, 2022, she signed a written agreement that Suites IQ characterized as an independent-contractor agreement. Plaintiff denies that the agreement correctly classified her as an independent contractor and denies the remaining allegations and legal conclusions in paragraph 3.

**4.** Plaintiff admits that Suites IQ advertised the Holiday Chalet as a self-check-in property. Plaintiff denies the remaining allegations in paragraph 4.

**5.** Plaintiff admits that hotel occupancy may vary by season and day of the week. Plaintiff denies the remaining allegations in paragraph 5.

**6.** Plaintiff admits that the hotel's workload varied. Plaintiff denies the remaining allegations in paragraph 6.

**7.** Plaintiff admits that she reported the time she worked for Suites IQ. Plaintiff denies the remaining allegations in paragraph 7.

**8.** Plaintiff admits that she submitted timesheets and that Suites IQ paid her based on reported hours. Plaintiff denies that she was properly classified as an independent contractor and denies the remaining allegations in paragraph 8.

**9.** Denied.

**10.** Denied.

**11.** Denied.

**12.** Plaintiff lacks knowledge or information sufficient to form a belief as to the ownership of the property referenced in paragraph 12 or the basis, scope, and execution of any search warrant, and therefore denies those allegations. Plaintiff specifically denies that her conduct caused any search or investigation.

**13.** Plaintiff lacks knowledge or information sufficient to form a belief as to Suites IQ's alleged temporary shutdown, revenue, or profits, and therefore denies the allegations in paragraph 13. Plaintiff denies that any act or omission by her caused Suites IQ any loss.

**14.** Denied.

**15.** Plaintiff lacks knowledge or information sufficient to form a belief as to what unidentified guests allegedly stated, and therefore denies the allegations in paragraph 15. Plaintiff denies appearing at any guest property while intoxicated or harming the hotel's reputation.

**16.** Denied.

**17.** Plaintiff admits that Suites IQ maintained a policy prohibiting smoking at the hotel. Plaintiff denies any remaining allegations or implications in paragraph 17.

**18.** Plaintiff lacks knowledge or information sufficient to form a belief as to Suites IQ's inventory of decorations and furniture, and therefore denies the allegations in paragraph 18.

**19.** Denied.

**20.** Plaintiff admits that she signed the written agreement referenced in paragraph 20. Plaintiff denies that the agreement correctly classified her as an independent contractor and denies the remaining allegations and legal conclusions in paragraph 20.

**21.** Plaintiff admits only that Suites IQ made certain payments to her. Plaintiff denies that Suites IQ performed all contractual or statutory obligations and denies the remaining allegations in paragraph 21.

**22.** Plaintiff admits that the written agreement provided for payment at an hourly rate. Plaintiff denies that she was properly classified as an independent contractor and denies the remaining allegations in paragraph 22.

**23.** Denied.

**24.** Denied.

**25.** Plaintiff admits that she signed a written agreement with Suites IQ. Plaintiff denies that the agreement correctly classified her as an independent contractor and denies the remaining allegations and legal conclusions in paragraph 25.

**26.** Denied.

**27.** Denied.

**28.** Denied.

**29.** Denied.

**30.** Denied.

**31.** Denied.

**32.** Denied.

**33.** Denied.

**34.** Plaintiff denies engaging in the conduct alleged in paragraphs 26 through 33. Plaintiff lacks knowledge or information sufficient to form a belief as to Suites IQ's alleged consent and therefore denies the remaining allegations in paragraph 34.

**35.** Denied.

**36.** Denied.

**37.** Denied.

**38.** Denied.

**39.** Denied.

**40.** Denied.

**41.** Paragraph 41 states a legal conclusion to which no response is required. To the extent a response is required, denied.

**42.** Plaintiff lacks knowledge or information sufficient to form a belief as to the precise ownership interests in the real property identified in paragraph 42, and therefore denies the allegations.

**43.** Denied.

**44.** Denied.

**45.** Denied.

**46.** Plaintiff admits that Suites IQ permitted her to access a hotel telephone for work-related purposes. Plaintiff denies the remaining allegations in paragraph 46.

**47.** Plaintiff admits that she was not authorized to use hotel property to facilitate unlawful conduct. Plaintiff denies that she did so and denies the remaining allegations in paragraph 47.

**48.** Denied.

**49.** Denied.

**50.** Denied.

**51.** Denied.

**52.** Denied.

**53.** Denied.

**54.** Paragraph 54 states a legal conclusion to which no response is required. To the extent a response is required, denied.

**55.** Denied, including subparagraphs (a) through (c).

**56.** Denied.

**57.** Denied.

**58.** Denied.

**59.** Denied.

**60.** Denied.

**61.** Plaintiff admits only that Suites IQ paid her based on hours reported on her timesheets. Plaintiff denies the remaining allegations in paragraph 61.

**62.** Plaintiff lacks knowledge or information sufficient to form a belief as to Suites IQ's alleged reliance, and therefore denies the allegations in paragraph 62.

**63.** Denied.

**64.** Denied.

**65.** Denied.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden not otherwise imposed by law, Plaintiff asserts the following defenses. Plaintiff may rely on these and any additional defenses supported by discovery and permitted by the Federal Rules of Civil Procedure.

1. **Failure to State a Claim.** The Counterclaims, in whole or in part, fail to state claims upon which relief can be granted.

2. **Lack of Supplemental Jurisdiction.** The alleged drug activity, unauthorized guests, missing furniture and decor, hotel shutdown, property damage, and reputational harm do not arise from a common nucleus of operative fact with Plaintiff's wage-and-hour claims. To the extent those counterclaims are permissive and lack an independent jurisdictional basis, the Court lacks supplemental jurisdiction under 28 U.S.C. § 1367(a), or should decline supplemental jurisdiction under 28 U.S.C. § 1367(c).

3. **Economic Loss Rule and Absence of Independent Duty.** Suites IQ's negligence claim is barred to the extent it rests on duties arising solely from the alleged contract or seeks recovery for purely economic losses without an independent duty recognized by Colorado law.

4. **Duplicative and Improperly Recast Claims.** The implied-covenant, conversion, civil-theft, negligence, and false-representation claims are barred or limited to the extent they merely duplicate the alleged breach-of-contract claim, seek the same damages, or recast alleged nonperformance of contractual obligations as tortious conduct.

5. **Failure to Plead or Prove Civil Theft and Conversion.** Suites IQ has not identified with sufficient particularity property wrongfully taken or retained by Plaintiff, Plaintiff's knowing exercise of unauthorized dominion over specifically identifiable property, or the felonious intent required for civil theft. Suites IQ also may not obtain duplicative recovery under civil-theft and conversion theories.

6. **Failure to Plead Fraud with Particularity.** The false-representation counterclaim fails to plead actionable fraud with the particularity required by Federal Rule of Civil Procedure 9(b), including the specific allegedly false entries, when and how they were made, and facts supporting knowledge, intent, justifiable reliance, and non-speculative damages.

7. **Failure of Causation and Speculative Damages.** Suites IQ's alleged lost revenue, lost profits, reputational harm, shutdown losses, property diminution, and consequential damages are remote, speculative, not reasonably certain, and not proximately caused by Plaintiff.

8. **Failure to Mitigate.** Suites IQ failed to take reasonable steps to avoid or mitigate any alleged damages.

9. **Waiver Estoppel and Ratification.** Suites IQ's claims are barred or limited to the extent it knew of, accepted, approved, ratified, or failed timely to object to the conduct it now challenges, including its acceptance and approval of Plaintiff's contemporaneous time records and services.

10. **Statutory Wage Protections and No Impermissible Setoff.** Suites IQ may not use its counterclaims, setoff, or recoupment to reduce Plaintiff's recovery below the minimum wages, overtime compensation, statutory damages, penalties, interest, or other nonwaivable relief required by the Fair Labor Standards Act and applicable Colorado law.

11. **Misclassification and Unenforceability.** The agreement's independent-contractor label does not control Plaintiff's status under federal or Colorado wage law. Any provision that purports to waive nonwaivable wage rights or evade mandatory wage protections is void and unenforceable as against public policy.

12. **Unclean Hands.** Suites IQ's claims for equitable relief, if any, are barred by its own inequitable conduct, including its alleged misclassification of Plaintiff and failure to pay all wages required by law.

13. **Limitations and Apportionment.** Any recovery is barred or limited by applicable statutes of limitation and by the requirement that damages be apportioned to the acts of Suites IQ and third parties over whom Plaintiff had no control.

14. **No Multiple Recovery.** Suites IQ may not recover the same alleged loss more than once under overlapping contract, tort, statutory, or other theories.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

**A.** dismiss the Counterclaims with prejudice and enter judgment in Plaintiff's favor;

**B.** deny Suites IQ any recovery, offset, recoupment, treble damages, attorney fees, costs, interest, or other relief;

**C.** award Plaintiff her reasonable attorney fees and costs to the extent permitted by law; and

**D.** grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 16, 2026
New York, New York

Respectfully submitted,

The Law Offices of Jacob Aronauer

By: */s/ Jacob Aronauer*

Jacob Aronauer
250 Broadway, Suite 600
New York, New York 10007
jaronauer@aronauerlaw.com
*Counsel for Randee Hebert*